NO. 07-09-0193-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

AUGUST 20, 2009

_____

RAFAEL GARCIA QUINONES, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

NO. 57,455-E; HONORABLE DOUGLAS R. WOODBURN, JUDGE

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**ABATEMENT AND REMAND**

On May 11, 2009, following a plea of guilty, Appellant, Rafael G. Quinones, was granted deferred adjudication for possession of a controlled substance and placed on community supervision for three years. Appellant timely perfected this appeal from the trial court's judgment. The *Trial Court's Certification of Defendant's Right of Appeal,* forwarded

to this Court on June 11, 2009, reflects that Appellant does have the right of appeal. No motion for new trial having been filed, the appellate record was due on July 10, 2009.[1] *See* Tex. R. App. P. 35.2 (a).

Pending before this Court is a request for an extension of time filed by the Potter County District Clerk in which to file the clerk's record. As the sole ground for the extension, the clerk avers that "THERE IS NOT A COURT APPOINTED ATTORNEY ASSIGNED ON THIS CASE." The *Docketing Statement (Criminal)* filed by Appellant indicates that his appellate counsel is appointed.

The trial court clerk is responsible for preparing, certifying, and timely filing the clerk's record if: (1) a notice of appeal has been filed, and in criminal proceedings, the trial court has certified the defendant's right of appeal; and, (2) the party responsible for paying for the preparation of the clerk's record has paid the clerk's fee, has made satisfactory arrangements with the clerk to pay the fee, or is entitled to appeal without paying the fee. *See* Tex. R. App. P. 35.3 (a). From the limited record before us, we are unable to determine whether Appellant has satisfied the second requirement of Rule 35.3(a). Although the basis of the clerk's request for an extension of time does not state an adequate ground for relief,[2] we will interpret the same as requesting an extension based upon the failure of Appellant's appellate counsel to make adequate financial arrangements

---

[1]The reporter's record was filed on July 10, 2009.

[2]The duty of the trial court clerk to prepare, certify and timely file the clerk's record does not depend on whether or not an appellant is represented by counsel - retained, appointed, or otherwise.

2

for the payment or waiver of the clerk's fee, and we will grant that request in accordance with the following orders.

Therefore, we abate this appeal and remand the cause to the trial court for further proceedings. Upon remand, the trial court shall utilize whatever means necessary to determine the following:

1.      whether Appellant desires to prosecute this appeal; and
2.      whether Appellant has paid the clerk's fee, made satisfactory arrangements for the payment of the clerk's fee, or is entitled to appeal without paying the fee.

On or before August 31, 2009, the trial court shall enter an order containing findings of fact and conclusions of law addressing those issues. In addition, upon the filing of that order, the trial court shall cause a copy thereof to be mailed to this court. Should the trial court determine that Appellant does want to continue the appeal, the trial court shall take such action as is necessary to ensure that the clerk's record in this cause is filed on or before September 7, 2009.

In the event the clerk's record is not filed by that date, the trial court is directed to immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to determine the status of the record. On or before September 21, 2009, the trial court shall enter an order containing findings of fact and conclusions of law addressing that issue. In

addition, upon the filing of that order, the trial court shall cause a copy thereof to be mailed to this Court.

It is so ordered.

Per Curiam

Do not publish.